57 N.J. Super. 331 (1959)
154 A.2d 739
GEORGE KRONMILLER, PLAINTIFF-RESPONDENT,
v.
MARY LOU CARUSO AND ROBERT W. SUTHERLAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1959.
Decided October 13, 1959.
*332 Before Judges CONFORD, FOLEY and SCHALICK.
Mr. Robert M. Graham argued the cause for defendants-appellants (Messrs. Ferrara and Guez, attorneys).
Mr. Paul J. O'Neill argued the cause for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
This case comes before us on an agreed statement of facts pursuant to R.R. 1:6-3 and R.R. 2:6. The action was brought in the Morris County District Court and arises out of an automobile accident. The defendants were Mary Lou Caruso, owner, and Robert W. Sutherland, operator of one of the cars. Plaintiff propounded interrogatories in December 1957 which defendants answered February 6, 1959.
Question No. 9 of the said interrogatories reads as follows:
"What are the full names and addresses of all occupants and passengers in your vehicle at the time and place in question? Answer: Mrs. Ida Sutherland, Lake Tekamah, Rockaway."
Question No. 44 is as follows:
"What are the names and addresses of all witnesses to this accident, and of those who have information relevant thereto? Answer: See 9."
*333 Trial was had February 9, 1959. The defendant Caruso took the stand without objection, but when she undertook to testify she was a passenger in the vehicle, objection was interposed to any testimony concerning the facts of the accident in view of the answers to interrogatories negating her presence in the vehicle and her knowledge concerning the accident. The trial court sustained the objection, the case went forward and plaintiff recovered a judgment of $193 plus costs against the defendants.
It does not appear that the answers to interrogatories given by defendants were made under any misapprehension, mistake, or inadvertence  particularly in relation to their scope as including the defendant Caruso in the request for names of "all occupants and passengers" in the vehicle and "all witnesses to the accident" and "those who have information relevant thereto." On the record they must be taken to have been deliberate and knowing. No application appears to have been made by defendants for an adjournment to correct any mistake in the answers or because of any other excusable neglect or default in reference to their apparent falsity.
Defendants' appeal is based on these asserted propositions: (a) no person named as a defendant in a civil proceeding may be denied his right to testify in his own behalf; (b) no rule of court may impair such right of a party defendant to testify in his own defense since it is "an inherent right of the people." The qualifying rules of court relied upon by plaintiff may not infringe upon such "substantive rights."
We regard these contentions as patently without merit. The right either to maintain or defend litigation is subject to the imposition by appropriate authorities, whether legislative or judicial, of reasonable procedural provisions designed to manage and administer litigation so as to accomplish expeditious and just disposition thereof. Enforced compliance with such rules by parties does not deprive them of their substantive rights. Our rules of discovery, R.R. *334 4:16 to R.R. 4:29, inclusive, constitute a basic and integral segment of present-day concepts for attaining justice in an efficient and expeditious manner, not only in the interests of all litigants, but of society in general. Enforcement thereof requires sanctions addressed to parties as well as others concerned with litigation. The appropriateness of the sanction of denial of testimony by a witness not disclosed in answer to an interrogatory, in a proper case, is unquestionable. Evtush v. Hudson Bus Transportation Co., 7 N.J. 167 (1951); Abbatemarco v. Colton, 31 N.J. Super. 181 (App. Div. 1954). The purpose of these rules, to prevent surprise and concealment and to facilitate just determinations on the merits, is as fully applicable to disclosing the names of witnesses who are parties as those who are not. If the entire defense of a party may be suppressed in a proper case for egregious violation of discovery rules, Interchemical Corp. v. Uncus Printing & Fin. Co., Inc., 39 N.J. Super. 318 (App. Div. 1956), there is no basis for dismay at the much lesser sanction of precluding the party's oral testimony concerning the subject matter of an action where she has, in effect, deliberately professed ignorance thereof in answers to interrogatories.
Defendants also argue that the interrogatories should be construed as intended to elicit only names of persons "unknown to the interrogator." This is without substance. Plaintiff knows of the identity of the defendant but may not know of his intention to appear at the trial as a witness concerning the subject matter of the accident. As to this, or as to the defendant's knowledge of facts pertaining to the accident, his adversary is entitled to be unequivocally informed by answers to interrogatories. If, as is not claimed here, defendants did not conceive that the interrogatories included the defendant Caruso in their scope, timely representations to that effect and application for appropriate relief could have been addressed to the trial court.
Affirmed.