100 N.J. Super. 276 (1968)
241 A.2d 665
MARGUERITE V. REILLY, APPELLANT,
v.
ANDREW SPIEGELHALTER, ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1968.
Decided April 8, 1968.
*278 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Soloman Friss argued the cause for appellant (Mr. Patrick T. McGahn, Jr. attorney).
*279 Mr. Nathan C. Staller argued the cause for respondent.
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff appeals from a judgment of involuntary dismissal granted in the Law Division. Defendants cross-appeal from the denial by the trial court of their motion to dismiss on plaintiff's opening statement.
In her complaint plaintiff alleged that on August 2, 1963 she had occasion to enter upon the premises of defendants, and, as she was entering the premises, she tripped and fell as a result of the concealed presence of a dangerous sprinkler head negligently installed and maintained by defendant's "in a place and fashion perilous to all who entered upon or passed by said premises," and as a result suffered the injuries for which she sought damages.
We deal first with the cross-appeal. Plaintiff's opening statement to the jury may be summarized as follows: Between 8:30 and 9:00 P.M. on August 2, 1963 plaintiff was collecting funds for a hospital in Sea Isle City. She approached the home of defendants which "had a lawn in front of it and the lawn had a sprinkler system in it." One of the sprinkler heads was located "at the apex, the point where the sidewalk and the walk to [defendants'] house met." As she left the sidewalk in front of the house and entered the pathway to the house, "the front of her shoe caught on a sprinkler head which we will demonstrate to you was about an inch off the ground and colored gray." As a result of her foot catching in the sprinkler head she fell and fractured her right elbow. It was stated further that plaintiff would describe to the jury "certain features of the accident" and what happened after it.
It was also stated that plaintiff would show that "this sprinkler head over which [she] tripped being in the apex of the lawn surrounded by grass was invisible at that hour of the evening to a passerby, it was raised above the ground to a level that made it a rather dangerous agency and that [defendants] either knew this or should have known this *280 and should have taken certain steps to alleviate this difficulty which presented certain dangers to people entering the walk."
The attorney for defendants then proceeded to open. In substance he stated that plaintiff was completely unknown to the Spiegelhalters and was soliciting funds for her own charitable interests. He pointed out that the sprinkler system is installed entirely within the boundaries of the grass area of the lawn fronting defendants' residence, and that plaintiff had not been invited by defendants to enter upon their premises. He contended that she was a mere licensee and as such no duty was owed to her by defendants other than to refrain from willful or wanton injury.
At the conclusion of the openings plaintiff was called to the stand and sworn. At that juncture defendants moved for a judgment of dismissal on plaintiff's opening upon the ground that there was nothing in plaintiff's statement "which would indicate liability" on the part of defendants that there was no duty on defendants to provide plaintiff with a means of access to the premises "other than the walk that she was on," and that plaintiff's opening indicated that she was not on the walk because the sprinkler head was on the lawn, and so did not constitute an obstruction of the public way. After hearing argument the trial judge denied defendants' motion.
Initially, it should be pointed out that a motion addressed to the opening should be made immediately upon the conclusion of that phase of the case. This traditionally has been the order of procedure both before and after 1948, when the new judicial system and rules implementing it became operative. Defendants attempt to justify the timeliness of the motion to dismiss by citing R.R. 4:44-1, which provides:
"In all trials, unless otherwise provided in the pretrial order, before any evidence is offered the plaintiff shall make an opening statement and immediately thereafter, the defendant shall make an opening statement." (Emphasis added)
*281 Defendants argue that the words "immediately thereafter" preclude the propriety of a motion to dismiss on plaintiff's opening at the conclusion thereof. We do not attach the same significance to these words. They simply mean that defendants' opening should be made at the beginning of the case, following plaintiff's opening, and before evidence is taken, rather than at some later stage. Thus, we conclude that the rule was not intended to revise the previously accepted practice. The trial judge, therefore, would have been justified in the exercise of his discretion to deny defendants' motion to dismiss upon the ground of untimeliness. However, the judicial action under review was not rested upon this approach and so we will treat with it on its merits.
The purpose of an opening statement is to inform the jury in a general way of the nature of the action and the basic facts intended to be proved. Passaic Valley Sewerge Com'rs v. Geo. M. Brewster, etc., Inc., 32 N.J. 595, 605 (1960). A dismissal on an opening may be granted, but only where it is clearly evident that no cause of action could be made out after accepting as true all the facts stated therein and all proper inferences to be drawn therefrom. Ibid.
A trial court has liberal discretion in deciding whether to grant a dismissal on an opening statement and it should never be granted unless the facts are undisputed and the law is free from doubt. "The case is rare indeed where the interests of justice will not be served by withholding action on or by denying the motion and receiving the plaintiff's proof." Sherman v. Josephson, 44 N.J. Super. 419, 426 (App. Div. 1957).
We need not pass upon the interesting question of the legal status of plaintiff as an uninvited solicitor of charitable contributions, i.e., invitee vis-a-vis licensee vis-a-vis trespasser. Suffice it to say that defendants conceded in their opening that plaintiff was at least a licensee. As to one in this category the landowner was bound to give warning of any concealed danger known to be present, and to abstain *282 from creating any condition which could reasonably be foreseen as a dangerous instrumentality for harm. Snyder v. I. Jay Realty Co., 30 N.J. 303, 316 (1959). We are satisfied that plaintiff's opening, however oversimplified it may have been, set forth a factual recital sufficiently comprehensive to justify the trial court's discretionary denial of defendants' motion at that stage of the case.
The pertinent facts relevant to plaintiff's appeal follow. In the course of pretrial discovery defendants propounded interrogatories which in pertinent part included the following questions and answers:
"34A. Set forth the names and addresses of all witnesses having knowledge of any facts or circumstances surrounding the happening of the accident.
 ANSWER: Thomas J. Reilly, 628 Beverly Boulevard,
 Upper Darby, Pennsylvania,
 Richard D. Reilly, 550 Lamp Post Lane,
 Aston, Pennsylvania.
36. Were you alone at the time of the alleged accident. If not, give names and addresses of all persons who were with you.
ANSWER: Yes."
Immediately after defendants' motion to dismiss was denied, their attorney moved to suppress the testimony of plaintiff on the ground that she, in response to interrogatory # 34A, had not included her own name and address. The trial court granted the motion to suppress plaintiff's testimony relying mainly upon Kronmiller v. Caruso, 57 N.J. Super. 331 (App. Div. 1959). The effect of this action was to completely deprive plaintiff of all available means of proving facts in support of her claim for relief and resulted in the involuntary dismissal of her case. We find it wholly insupportable.
In Kronmiller plaintiff's interrogatories requested the names of all passengers who were riding in an automobile owned by defendant Caruso and operated by defendant Sutherland, and also the names of all those who witnessed the accident. In response defendants did not mention that defendant Caruso herself was one of these individuals and *283 the trial court refused to allow her to testify as to the facts of the accident. This court affirmed. However, in doing so we said the purpose of the rules involved was to prevent surprise and concealment and to facilitate jury determinations on the merits, and that in this respect they are as fully applicable to disclosing the names of witnesses who are parties as those who are not. We observed that the interrogator may know of the identity of the opposing party but may be unaware of his intention to appear at the trial as a witness concerning the subject matter of the accident. This statement was plainly applicable to the Kronmiller case. Plaintiff knew that defendant Caruso was the owner of the car. He also knew that at the time of the accident it was being driven by defendant Sutherland. On the face of things he may not have known that the non-driving owner witnessed the occurrence.
The situation in the case before us is entirely different. Defendants knew that plaintiff claimed to have been injured on their property. They knew also that she was alone at the time of the accident and therefore, inferentially, that as far as she was concerned it was unwitnessed. In these circumstances it was entirely unrealistic for defendants to assume that plaintiff would not be a witness at the trial because she did not include her name in the answers to their interrogatories. The element of surprise referred to in Kronmiller was absent. Indeed, defendants' attorney on the oral argument with commendable frankness stated that he was not surprised that plaintiff was called as a witness under the existing circumstances. That being the case the court's ruling was clearly erroneous.
We are moved to write at some length in this matter because of the representation of defendants' counsel that his ample experience in the trial courts in which he appears has been that Kronmiller is being given a broad interpretation by trial judges, similar to that given to it by the trial judge in this case. If so, it should be stated that it was not intended that the holding was an immutable edict. As a *284 matter of fact such a pragmatic approach clearly would constitute an unwarranted invasion of the wide discretion invested in the trial courts in problems of this kind.
Aside from the facts of this particular case, where there is an unwitting failure to supply a name in answer to an interrogatory the court should weigh the effect of such failure on a case by case basis, having in mind that in its discretion it may always suspend the operation of the rule and permit an amendment of the answer (if necessary) on such terms as the court conceives to be fair and just. The overriding objective, ordinarily, should be to give the defaulting party his day in court, with due regard to protecting the opposing party from the effects of surprise or other prejudicial factors.
On the main appeal we reverse and remand; on the cross-appeal we affirm.