125 N.J. Super. 159 (1973)
309 A.2d 617
HERBERT CLARK AND JOAN CLARK, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
FOG CONTRACTING COMPANY, A NEW JERSEY CORPORATION AND TOWNSHIP OF FRANKLIN, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS. TOWNSHIP OF FRANKLIN, A MUNICIPAL CORPORATION, THIRD-PARTY PLAINTIFF,
v.
TRAP ROCK INDUSTRIES, INC., THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1973.
Decided September 24, 1973.
*160 Before Judges KOLOVSKY, FRITZ and CRANE.
Seymour Gelzer, E. Brunswick, argued the cause for appellants (Iaria & Gelzer, E. Brunswick).
Thomas R. O'Brien, Newark, argued the cause for respondent Township of Franklin (Gurry & Conlan, South Orange).
Henry H. Rubenson, New Brunswick, argued the cause for respondent FOG Contracting Company.
PER CURIAM.
This is a negligence fall-down action. The matter was tried on the issue of liability only. At the end of the entire case a motion for an involuntary dismissal was granted with respect to defendant township. The jury returned *161 a unanimous verdict of no cause for action as against the remaining defendant FOG Contracting Co. (FOG).
The issues raised on this appeal concern the propriety of the dismissal as to the township and the propriety of a ruling precluding plaintiffs' expert from testifying. The third-party defendant Trap Rock Industries, Inc. has not participated in these appellate proceedings.
Our examination of the record reveals no evidence to support plaintiffs' claim against the township. The proofs do not show that the township violated any duty to plaintiff. Moreover, none of the other parties were shown to be agents of the township.
During the course of discovery defendant FOG propounded interrogatories to plaintiff. Among them was a question seeking the names and addresses of expert witnesses and asking that plaintiff "annex true copies of all written reports rendered to you by any such proposed experts." Plaintiff listed the name of "Herman Rich, P.E., Livingston, N.J." but did not annex any written report. At the trial, when Rich was called as a witness the trial court sustained defendant's objection to his testimony on the ground that no report had been furnished.
Plaintiff asserts that he never sought or received any written report from his expert because he intended to ask his opinion at the trial based upon the testimony to be elicited at the trial. He argues that the rules, R. 4:10-2(d) and 4:17-4(a), should not be construed to require the preparation and submission of a written report where none exists. However, plaintiffs' counsel conceded at oral argument that he did in fact confer with the expert prior to trial and that the expert had indeed imparted to him the substance of what opinion he would express at the trial.
The argument overlooks the continuing obligation imposed by R. 4:17-4(a) upon the party to whom such an interrogatory is addressed to supply the propounding party with the contents of subsequently received reports, whether *162 written or oral. The certification attached to plaintiffs' answers to interrogatories contained the following statement:
I hereby certify that the copies of the reports annexed hereto rendered by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.
The exclusion of testimony on the ground of failure to supply information sought in discovery is a discretionary matter for the trial court, bearing in mind the overriding objective of permitting the defaulting party his day in court. Reilly v. Spiegelhalter, 100 N.J. Super. 276 (App. Div. 1968). In this instance there was no reasonably available opportunity to permit plaintiff to remedy his default. The trial was already in progress and no forewarning of the expert's testimony had been given defendant. Under these circumstances we cannot say that the action of the trial court amounted to a clear abuse of discretion.
Judgment affirmed.