156 N.J. Super. 336 (1978)
383 A.2d 1168
THOMAS HAMILTON AND DOROTHY HAMILTON, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
LETELLIER CONSTRUCTION COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 1978.
Decided February 22, 1978.
*337 Before Judges ALLCORN, MORGAN and HORN.
Messrs. Ballen, Keiser & Denker, attorneys for appellants (Mr. Jeffrey M. Keiser on the brief).
Messrs. Montano, Summers, Mullen & Manuel, attorneys for respondent (Mr. Alan P. Bruce on the brief).
The opinion of the court was delivered by HORN, J.A.D.
We granted plaintiffs' motion for leave to appeal an interlocutory order made by the trial judge on November 18, 1977, R. 2:2-4, and elected to determine the appeal on the papers submitted on the motion, pursuant to R. 2:11-2.
The challenged order precludes plaintiffs at trial from presenting testimony of two expert witnesses, John Mostiller and John Baxter, and strikes their respective reports. We reverse for the reasons stated hereinafter.
The pleadings and discovery in the action, which was commenced in June 1974, assert that plaintiff Thomas Hamilton, while working as a roofer on January 7, 1974, sustained injuries as the result of a fall at a job site. He and his wife (suing per quod) instituted this action against defendant on the theory that the latter was the general contractor for one of whose subcontractors Thomas was employed and that defendant negligently failed to meet its *338 legal responsibility to furnish to Thomas a reasonably safe place to work and to warn of the existing dangers.
On November 25, 1974, in response to interrogatories calling for the names and addresses of all expert witnesses, plaintiffs furnished only the names and addresses of medical experts, although defendant's interrogatories were not limited in scope only to medical experts.
R. 4:17-7 permits a party to file amended answers "not later than 20 days prior to the first date fixed for trial. Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court directs. * * *"
In the instant case we are of the view that the trial judge's order of exclusion represented an abuse of discretion. We perceive that the exclusion of the expert witnesses may be tantamount to a dismissal of plaintiffs' action if expert testimony is required to establish their cause of action.
We also perceive that the amendment sought by plaintiffs did not introduce a new theory of liability. The theory of negligence liability was stated in the answers to defendant's interrogatories, which were supplied in November 1974. It is even conceivable that defendant had already consulted an expert on the subject prior to plaintiffs' notification of the desire to amend the answers. In any event, we are not told of any prejudice that the amendment would effect to defendant's case except some comparatively slight delay in order for defendant to obtain additional discovery and to retain an expert or experts if needed.
The judge could have imposed appropriate terms pursuant to R. 4:17-7 or R. 4:23-1, and in our view should have done so here, rather than have excluded the proposed testimony.
As has been stated in Allegro v. Afton Village Corp., 9 N.J. 156 (1952):
* * * But courts exist for the sole purpose of rendering justice between parties according to law. While the expedition of business and the full utilization of their time is highly to be desired, the *339 duty of administering justice in each individual case must not be lost sight of as their paramount objective. Pepe v. Urban, 11 N.J. Super. 385 (App. Div. 1951). [at 161]
In Gittleman v. Central Jersey Bank and Trust Co., 103 N.J. Super. 175 (App. Div. 1967), rev'd on dissenting opinion of Judge (now Justice) Sullivan in 52 N.J. 503 (1968), a somewhat similar case where a party had "informally" amended answers to interrogatories five or six days before the trial without the opposing party's consent, Judge Sullivan stated in his dissenting opinion in the Appellate Division, upon which the Supreme Court reversed:
Assuming that defendant's counsel needed more time to investigate Dr. Mulvaney's background, it seems to me that justice would better have been served by either granting plaintiffs' motion for a mistrial, or granting plaintiffs' subsequent motion for a new trial. [at 179]
Cases like Falcone v. N.J. Bell Tel. Co., 98 N.J. Super. 138, 145 (App. Div. 1967), certif. den. 51 N.J. 190 (1968), and D'Agostino v. Schaffer, 45 N.J. Super. 395 (App. Div. 1957), may be distinguished by the fact that in each there had been no notice to the opposing party of the new information until after the trial had commenced. Even in such cases the court is reluctant to preclude testimony and will do so only if it causes surprise or puts the opposing party to an unfair disadvantage. Burke v. Central Railroad Co. of N.J., 42 N.J. Super. 387, 395-396 (App. Div. 1956); Picco v. Fords Diner, Inc., 113 N.J. Super. 465, 468 (App. Div. 1971): Brown v. Mortimer, 100 N.J. Super. 395 (App. Div. 1968).
Of course, where it appears from the hearing on a motion to amend or, as in this case, to exclude, that a party or his counsel wilfully and intentionally failed to abide by the rules or deliberately withheld information with the intention of circumventing a fair trial, the court should take more stringent measures. However, that situation does not appear in this case.
*340 Accordingly, we vacate the challenged order and direct that the trial judge conduct a hearing for two purposes: (1) to fix a time schedule in order to give defendant an opportunity to prepare for the trial in the light of the new information supplied by plaintiffs as to the names and reports of their experts, and (2) to determine whether, and to what extent under the circumstances, sanctions (including the payment of defendant's costs and attorneys' fees) should be imposed upon plaintiff for violation of R. 4:17-7. We do not retain jurisdiction.