ANNA ANDROVICH AND IGNATZ ANDROVICH, PLAIN-TIFFS-APPELLANTS AND CROSS-RESPONDENTS, v. MICHAEL LASSACH, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1978—Decided February 28, 1978.

500

Before Judges FRITZ, BOTTER and ARD.

*Mr. Leonard F. Rappa* argued the cause for appellants and cross-respondents (*Messrs. Monico* and *Rappa,* attorneys).

*Mr. Stanley P. Fishman* argued the cause for the respondent and cross-appellant (*Messrs. Feuerstein, Sachs & Maitlin,* attorneys).

The opinion of the court was delivered by

ARD, J. A. D. The trial judge entered an order barring plaintiffs from amending or supplementing answers to interrogatories after completion of the liability phase of the trial on June 3, 1977. A similar order was entered with respect to defendant's answers to interrogatories. On leave

granted, this is an interlocutory appeal and cross-appeal from the aforementioned orders. Defendant's cross-appeal is conditioned on the event that this court permits plaintiffs to amend or supplement their answers to interrogatories.

Anna Androvich injured her left ankle in a fall on defendant's premises on February 9, 1974. Her treating physician diagnosed her condition as a trimalleolar fracture of the left ankle which required an operation. Following the operation by Dr. Reilly and her discharge from the hospital, she visited him on 11 occasions through March 4, 1975. Plaintiffs originally answered defendant's interrogatories setting forth the treatment and expenses through March 4, 1975. Their answers did note that Dr. Reilly informed Mrs. Androvich that "further surgery might be possible if the fracture does not heal properly. Estimated cost not known at present." After deposing Mrs. Androvich defendant elected not to have her examined by his physician.

Pursuant to a general policy in the vicinage, the trial was bifurcated and resulted in a favorable verdict in behalf of plaintiffs on the issue of liability. This trial was concluded on June 3, 1977. Thereafter, plaintiffs' attorney made arrangements to have Mrs. Androvich reexamined by her treating physician in preparation of the damages trial. At this examination plaintiff complained of a chronically painful and swollen ankle. The doctor determined that her trimalleolar fracture had developed into a traumatic arthritis with an extremely guarded prognosis for the future in regard to pain, swelling and instability. He suggested further surgery if Mrs. Androvich had continued difficulty with the ankle. This new information was forwarded to defendant's attorney in the form of supplemental answers to a number of pertinent interrogatories. Defense counsel objected to the untimeliness of this information, and plaintiffs filed a formal motion to amend their answers. Meanwhile, defendant, having been advised of the additional claims, had Mrs. Androvich examined by his own physician. In ruling on the mo-

tion the trial judge refused to allow amendments by either side after June 3, 1977.

The record reveals that plaintiffs sought to amend their answers on three separate occasions after the trial on liability. On the first occasion the attorney for plaintiffs sent a letter on June 14, 1977 to defendant's attorney amending the initial answers to interrogatories to include additional complaints by Mrs. Androvich as to the duration, frequency and occurrence of her pain and suffering. In the same letter he informed counsel that plaintiff would be reexamined by her treating doctor. The doctor's report was furnished defendant as a supplemental answer on June 30, 1977. Finally, a letter dated August 19, 1977 was sent to defendant containing information about a verbal report of the treating physician regarding plaintiff's injuries and prospective treatment, including the need for surgery, which supplemented previous answers to a number of interrogatories. Defendant had plaintiff examined on August 8, 1977 and thereafter forwarded a copy of this report to plaintiffs' counsel. All of the aforementioned occurred after June 3, 1977 and was disallowed by the trial judge.

Based on the circumstances of this case we believe the trial judge mistakenly exercised his discretion in refusing to permit both parties to amend answers to interrogatories.

*R.* 4:17-7, which deals with amended answers to interrogatories, provides in pertinent part:

> * * * [I]f a party who has furnished answers to interrogatories thereafter obtains information which renders such answers incomplete or inaccurate, amended answers shall be served not later than 20 days prior to the first date fixed for trial. Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court directs. In no case shall amendments be allowed at trial where it appears that the evidence sought to be introduced was known to the party seeking such leave, more than 10 days prior to trial.

The rule is silent with respect to bifurcated trials. However, we are satisfied that the phrase, "the first date fixed

for trial", refers to the first trial after the bifurcation order. In the ordinary course of events, this would be the trial on liability. *R.* 4:17–7 has been amended as recently as July 29, 1977, to be effective September 6, 1977, and makes no provision for bifurcated trials notwithstanding our long-time recognition of the practice. *R.* 4:38–2(b); see also, *Powell v. General Motors Corp.,* 107 *N. J. Super.* 29 (App. Div. 1969). Moreover, to interpret the rule otherwise would be contrary to our long-standing policy of promoting and encouraging the settlement of civil cases. Without a policy of up-to-date discovery at the time of the first trial on liability, there would be few settlements. Without full, detailed knowledge of the claims and positions of both sides, settlement conferences are rarely fruitful. Notwithstanding the fact that the case is only being tried on liability, every effort must be made to promote amicable settlements before trial. We need not recite a litany of advantages. Suffice it to say, the interest of justice requires this approach. To suggest any other interpretation of *R.* 4:17–7 would undermine the settlement potential in all bifurcated cases at the liability trial. Accordingly, we are satisfied *R.* 4:17–7 requires a party who wishes to supplement answers to interrogatories to do so no later than 20 days prior to the first date fixed for the liability trial in a bifurcated case.

However, considering the circumstances of this case, we are satisfied the trial judge should have relaxed the rules and allowed the amendments. The trial court is allowed broad discretion in relaxing the rule. *Falcone v. N. J. Bell Tel. Co.,* 98 *N. J. Super.* 138, 145 (App. Div. 1967), certif. den. 51 *N. J.* 190 (1968); *Branch v. Emery Transp. Co.,* 53 *N. J. Super.* 367, 374 (App. Div. 1958). Without sure meaning of the term "first trial," it was not unreasonable for counsel to delay reexamination of Mrs. Androvich by her treating physician until before the trial as to damages. The record does not suggest, nor do we believe there was, an ulterior motive for such action. Failure to keep current with a client's physical condition prior to trial may be unprofessional

and constitute negligence. This becomes particularly important if there is a substantial delay between the liability trial and the damages trial. Moreover, the original answers indicated the possibility of future surgery should the condition not improve. We discern no prejudice to defendant. The defense had sufficient notice to secure its own examination of Mrs. Androvich.

Every effort should be made to comply with our rules of discovery. Counsel should adhere to the time limitations provided in the rules, and routine handling of a case should recognize the desirability of complete discovery as early as possible. We recognize, however, that occasionally circumstances dictate the necessity to relax a particular rule and withhold a sanction. The absence of surprise, prejudice or design to mislead, and the lack of concealment are legitimate considerations for a judge in determining whether the facts warrant relaxation of the rule. Obviously, relaxation should be the exception rather than the rule. *Brown v. Mortimer,* 100 *N. J. Super.* 395, 401–402 (App. Div. 1968); *Branch v. Emery Transp. Co., supra; D'Agostino v. Schaffer,* 45 *N. J. Super.* 395, 402 (App. Div. 1957). As we have indicated, leave to amend should have been granted both parties in the circumstances of this case.

At the time the new trial date is fixed, a deadline should be set for the parties to amend and supplement discovery information. Reversed and remanded for trial.