217 N.J. Super. 39 (1987)
524 A.2d 1274
LILLIAN WILKINS, AS ADMINISTRATRIX AD PROSEQUENDUM FOR THE HEIRS-AT-LAW OF ADOLPHUS MITCHELL, DECEASED AND ADOLPHUS MITCHELL, DECEASED, PLAINTIFF-APPELLANT,
v.
HUDSON COUNTY JAIL AND COUNTY OF HUDSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 31, 1987.
Decided April 21, 1987.
*41 Before Judges PRESSLER, BAIME and ASHBEY.
Frank J. Nostrame, for appellant.
Joseph V. Kealy, Jr., Acting Hudson County Counsel, for respondent (Jay M. Liebman, First Asst. County Counsel, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
In this appeal, we are constrained to revisit an old but distasteful subject. At issue is the extent to which an attorney's gross dereliction of duty in failing to abide by our discovery rules is permitted to impact upon the rights of his client. We last explored this area in Johnson v. Mountainside Hosp., Resp. Disease Asso., 199 N.J. Super. 114 (App.Div. 1985) and Jansson v. Fairleigh Dickinson University, 198 N.J. Super. 190 (App.Div. 1985). The gist of our opinions in those cases was that "the sins or faults of an errant attorney should not [generally] be visited upon his client," Jansson v. Fairleigh Dickinson University, supra, 198 N.J. Super. at 194 and that dismissal of a complaint or exclusion of highly probative evidence should not ordinarily be ordered where some lesser *42 sanction will suffice to erase the prejudice suffered by the non-delinquent party. Johnson v. Mountainside Hosp., Resp. Disease Asso., supra, 199 N.J. Super. at 119. Applying those principles, we are obliged in this appeal to reverse the judgment in favor of defendants reflecting the jury's verdict of no cause of action and remand for a new trial.
The tragic events giving rise to this action occurred on April 14, 1982. On that date, plaintiff's decedent, Adolphus Mitchell, and six other inmates perished in a fire while locked in their dormitory cellblock at the Hudson County Jail. Apparently, the fire was set by a mentally disturbed prisoner. On May 31, 1983, plaintiff, as administratrix ad prosequendum and admininstratrix of Mitchell's estate, instituted a wrongful death and a survivorship action claiming that defendants were negligent in their administration of the jail. Thereafter, plaintiff dismissed her former attorney and retained present counsel.
Although the record submitted to us is far from complete, it plainly discloses the tortured history surrounding the pretrial discovery process. The desultory pace of disclosure resulted in several motions and orders. Plaintiff's answers to defendants' interrogatories, which apparently were prepared by her former attorney, were grossly inadequate. Among other deficiencies, plaintiff failed to disclose the names and addresses of expert witnesses. Pursuant to R. 4:17-5(c), defendants obtained an order compelling more specific answers, but plaintiff's present attorney blithely ignored that mandate. Based upon plaintiff's failure to abide by the order, the trial judge subsequently denied her motion to depose several of defendants' witnesses and to produce various documents.
The matter remained dormant until the pretrial conference on October 26, 1984. Unfortunately, those proceedings were not transcribed and the record is not entirely informative with respect to what transpired. Although plaintiff served amended answers to the interrogatories previously propounded, her attorney continued to flout the trial judge's prior order, and no *43 effort was made to disclose the identity of prospective expert witnesses. The trial judge thus entered a pretrial order, signed by both attorneys, restricting plaintiff's right to present expert witnesses at trial. The order provides that "[t]he only expert witness permitted [to be called by] plaintiff is the Hudson County Medical Examiner."
Trial commenced on December 14, 1984. Plaintiff offered Captain Alfred LaSala, supervisor of the arson unit of the Jersey City Fire Department, as an expert witness to testify regarding the origin and cause of the fire. In response to defendants' vigorous objection, the trial judge ruled that Captain LaSala would be allowed to testify only as a fact witness, and could not give opinion testimony. Notwithstanding the trial judge's repeated adjurations in open court and during the course of two side-bar conferences, plaintiff's attorney persisted in his attempt to elicit opinion testimony from the witness. Although counsel for defendants stated his objections with particularity and the judge meticulously explained the basis of his decision, plaintiff's attorney repeatedly protested that he did not understand the ruling and continued his interrogation. When plaintiff's attorney continued on this course, the trial judge found it necessary to declare a mistrial. The judge ordered that plaintiff not be permitted to present expert witnesses at the retrial other than in accordance with the pretrial order.
At the retrial before another judge, plaintiff was not allowed to introduce expert testimony concerning the cause and origin of the fire and the allegedly highly combustible qualities of the foam mattresses which had been issued to the prisoners at the jail. The judge refused to permit plaintiff to offer such evidence upon the basis that the prior orders constituted the law of the case. The jury rendered a verdict of no cause of action. Judgment was entered accordingly and this appeal followed.
Plaintiff assigns as error the judge's determination that the orders entered previously restricting the right to *44 present expert witnesses constituted the law of the case and were therefore binding at the second trial. We agree that the effect of a mistrial negates the finality of any decision or ruling reached on the first trial, State v. Hale, 127 N.J. Super. 407, 412 (App.Div. 1974), and in any event, the law of the case doctrine as it applies to rules or orders of an interlocutory nature is itself discretionary. State v. Reldan, 100 N.J. 187, 205 (1985). We further note that a pretrial order may be modified at any time to prevent manifest injustice. Jenkins v. Devine Foods, Inc., 3 N.J. 450, 458 (1950). Thus, the trial judge was not absolutely bound by the terms of either the pretrial order or the order entered following the mistrial. The judge was incorrect in concluding that she was without authority to relax the terms of the prior orders.
This much conceded, we cannot fairly say that the judge erred on that account. Our thorough review of the record of the first trial convinces us that plaintiff's attorney embarked upon a deliberate course of misconduct designed to provoke a mistrial and thereby abort the proceedings. The judge so found and there is ample evidential support in the record for that conclusion. Had the judge at the second trial permitted counsel to present expert witnesses in direct contravention of the restrictions set forth in prior orders, she would have indirectly rewarded a litigant by granting a tactical advantage derived from the attorney's deliberate unethical behavior. Such a result would have been unconscionable.
The real problem pertains to the pretrial order which preceded the first trial and which precluded plaintiff from presenting expert witnesses other than the medical examiner. We are of the view that the judge mistakenly exercised his discretion in imposing this restriction on plaintiff's right to prove her claim and in refusing to relax that order and apply a lesser sanction during the course of the first trial.
We are not insensitive to the concerns expressed by the trial judge. We recognize "the need to instill firmness and meaning *45 to the provisions of our discovery rules, thereby maintaining a consistent and predictable sense of order...." Crews v. Garmoney, 141 N.J. Super. 93, 96 (App.Div. 1976). A party has a "duty to disclose the [identity and] opinions of his experts, and a failure to do so may, in the judge's discretion," result in the exclusion of such evidence at trial. Fanfarillo v. East End Motor Co., 172 N.J. Super. 309, 312 (App.Div. 1980). See also Maurio v. Mereck Construction Co., Inc., 162 N.J. Super. 566, 570 (App.Div. 1978); Clark v. Fog Contracting Co., 125 N.J. Super. 159, 162 (App.Div. 1973), certif. den., 64 N.J. 319 (1973); Falcone v. N.J. Bell Tel. Co., 98 N.J. Super. 138, 146 (App.Div. 1967), certif. den., 51 N.J. 190 (1968).
Nevertheless, there is a general disinclination to invoke the sanction of exclusion  especially where plaintiff's entire case thereby stands or falls  when remedies having a lesser tendency to affect the merits are at hand. Clark v. Fog Contracting Co., supra, 125 N.J. Super. at 162; Picco v. Fords Diner, Inc., 113 N.J. Super. 465, 468 (App.Div. 1971); Brown v. Mortimer, 100 N.J. Super. 395, 401-402 (App.Div. 1968); Burke v. Central Railroad Co. of N.J., 42 N.J. Super. 387, 395-396 (App.Div. 1956); Gibilterra v. Rosemawr Homes, 32 N.J. Super. 315, 322 (App.Div. 1954), aff'd, 19 N.J. 166 (1955). Cf. Zaccardi v. Becker, 88 N.J. 245, 253 (1982). For this reason, "[a]mendments to answers to interrogatories are viewed in liberal fashion, even as to experts, and the sanction of exclusion of testimony is to be utilized cautiously." Markmann v. DeStefano, 185 N.J. Super. 411, 420 (App.Div. 1982). We must not forget that the aim of our rules of procedure "is to better serve the cause of justice." Ibid. "We must not lose sight of the fact that `justice is the polestar and our procedures must ever be moulded and applied with that in mind.'" Johnson v. Mountainside Hosp., Resp. Disease Asso., 199 N.J. Super. at 119-120 quoting N.J. Highway Authority v. Renner, 18 N.J. 485, 495 (1955). "Until courts have exhausted [all] means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not bar a litigant's way to the courtroom." *46 Audubon Volunteer Fire v. Church Const. Co., 206 N.J. Super. 405, 407 (App.Div. 1986).
We emphasize the undisputed fact that plaintiff was entirely blameless. She was entitled to believe that her attorney was properly representing her and fairly pursuing the interests of the deceased and his survivors. Surely, it cannot fairly be said that she was duty-bound to supervise the daily professional services of the lawyer she chose to retain. See Jansson v. Fairleigh Dickinson University, supra, 198 N.J. Super. at 195. She had no reason to know or suspect that her attorney was derelict in performing his professional responsibilities.
Against this backdrop, we are convinced that the judge at the first trial mistakenly exercised his discretion by refusing to permit plaintiff to amend the pretrial order. In our view, the judge should not have compelled plaintiff to proceed without the benefit of her expert witnesses. We note that the two witnesses plaintiff sought to call were listed in response to defendant's interrogatory requesting the identity of "persons having knowledge of the relevant facts relating to this case." Although plaintiff's attorney was plainly derelict in failing to respond to the interrogatory which requested the identity of prospective expert witnesses, it cannot fairly be said that defendants were entirely surprised by the existence of the expert opinions counsel attempted to elicit at trial. Although defense counsel perhaps relied upon the limitations set forth in the pretrial order, no attempt was made by the trial judge to explore whether the resulting prejudice could be eradicated by a brief continuance or the application of lesser sanctions. Johnson v. Mountainside Hosp., Resp. Disease Asso., supra, 199 N.J. Super. at 120. See also Westphal v. Guarino, 163 N.J. Super. 139, 146 (App.Div. 1978), aff'd, 78 N.J. 308 (1978). Under these circumstances, we are compelled to reverse the judgment and remand for a new trial.
In Jansson v. Fairleigh Dickinson University, supra, we expressed our concern that, absent the invocation of severe *47 sanctions, litigants and attorneys might be tempted to violate the discovery rules. 198 N.J. Super. at 196. We observed that there was a compelling need to "command compliance with our procedural rules." Id. at 194. We also stated that we were not "unmindful of the perils and gravitational pull of the slippery slope wherein the efficacy of our rules is destroyed by the gradual cumulation of exceptions." Id. at 196. Significantly, we noted that the courts do "not lack disciplinary authority over a wayward lawyer." Ibid.
While we perceive no justification, moral or legal, for punishment of an innocent litigant for the personal misconduct of his attorney, we cannot fairly ignore counsel's misbehavior in this case. By his abject refusal to comply with discovery orders and his outrageous conduct in deliberately provoking a mistrial, counsel arguably violated RPC 1.1(a) and (b), RPC 1.3, RPC 3.4(c) and (d) and RPC 3.5(c). We, therefore, find it necessary to refer this aspect of the case to the Office of Attorney Ethics for its review and consideration. See Crispen v. Wolkswagenwerk, A.G., 96 N.J. 336, 347 (1984).
The judgment of the Law Division is reversed and the matter is remanded for a new trial.