769 A.2d 422

HARRY HOEHN, GREGG HOEHN AND DIRK HOEHN, PLAIN-
TIFFS–APPELLANTS, v. RONALD B. BARRETT, DEFENDANT,
AND KAREN GIANNELLI, CRUMMY, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, A PROFESSIONAL CORPORA-
TION, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 8, 2000—Decided March 27, 2001.

Before Judges STERN,[1] RODRIGUEZ and COLLESTER.

*Kenneth S. Thyne*, argued the cause for appellants (*Hilton L. Stein*, attorney, of counsel; *Mr. Thyne*, on the brief).

*Jacqueline M. Printz*, argued the cause for respondents (*Greenbaum, Rowe, Smith, Ravin, Davis & Himmel*, attorneys; *Ms. Printz*, on the brief).

The opinion of the court was delivered by

RODRIGUEZ, A.A., J.A.D.

In this appeal, we hold that a trial court cannot compel acceptance of an offer of judgment made pursuant to *R.* 4:58–1. Instead, *R.* 4:58–2 and 4–58–3 mandate consequences when the offer is rejected and the offeree fails to obtain a judgment at least as favorable as the offer.

## I

Plaintiffs Harry Hoehn, Gregg Hoehn and Dirk Hoehn (plaintiffs) sued Karen Giannelli and her employer, the law firm of Crummy, Del Deo, Dolan, Griffinger, and Vecchione (collectively "defendants") for legal malpractice.[2] The legal malpractice issue stems from the following facts. Plaintiffs owned real property in Sea Bright which was leased to Chuckling Oyster, Inc. (tenant) for the operation of a restaurant. The lease agreement required the

---

[1] Judge Stern did not participate in oral argument. However, the parties have consented to his participation in the decision.

[2] Defendant also sued Ronald B. Barrett. The complaint against Barrett was dismissed by a summary judgment. Plaintiffs did not appeal the dismissal.

tenant to maintain flood insurance on the property. After two years of operating the restaurant, the tenant defaulted on the lease. Plaintiffs and the tenant negotiated a new agreement. The tenant was allowed to remain in possession on certain specified conditions. However, the next year the tenant defaulted again owing over $100,000 in rent. Plaintiffs demanded that the tenant's shares be turned over to them pursuant to the lease agreement. They filed an action to declare the lease terminated and to recover possession of the premises and operation of the restaurant.

The tenant's principal shareholder, Steven Cross, filed a petition in bankruptcy and an adversary proceeding against plaintiffs seeking damages and dissolution of the restraints plaintiffs had obtained. Plaintiffs retained defendants to represent their interests as creditors. The parties reached a settlement, memorialized in a consent order, whereby the tenant would be allowed to remain in possession of the premises under certain conditions.

On December 12, 1992, the property sustained severe storm damage. The tenant had not maintained flood insurance. As a result of the extensive damage, the tenant voluntarily surrendered possession of the premises. Plaintiffs allege that they incurred substantial lost profits and spent approximately $150,000 to partially repair damage caused by the storm.

Meanwhile, plaintiffs had failed to pay defendants for their legal services. Defendants provided "statutory notice to plaintiffs of [their] intention to formally recover the outstanding fees." Shortly thereafter, plaintiffs initiated this legal malpractice action alleging that defendants had failed to include in the consent order that the tenant was required to maintain flood insurance and to confirm that the tenant had subsequently acquired the insurance.

The parties exchanged discovery including the submission of plaintiffs' expert report concerning liability. Defendants served supplemental notices to produce documents. When plaintiffs failed to provide the documents, defendants moved to dismiss the complaint or, alternatively, to preclude plaintiffs from relying on

or proffering any oral testimony about the documents not produced.

Judge Louis F. Locascio dismissed the complaint without prejudice "subject to being reinstated if outstanding discovery is provided on or before 9/8/97." Thereafter, plaintiffs submitted a certification by plaintiff Gregg Hoehn, attaching all available documentation concerning defendants' discovery demands and moved to restore the complaint. Defendants cross-moved: (1) to dismiss the complaint with prejudice; (2) to deny the motion to restore; or (3) in the alternative, to award counsel fees as a condition of restoration. Judge Locascio restored the complaint. However, he directed that "plaintiffs' damage claims are limited to claims alleged and documents provided in support thereof prior to 9/8/97."

One year later, defendants filed a timely offer pursuant to *R.* 4:58, to allow judgment against them in the amount of $5,378.89, the exact amount of the only repair receipt submitted by plaintiffs. *R.* 4:58–1 provides in pertinent part,

[e]xcept in a matrimonial action, any party may, at any time more than 20 days before the actual trial date, serve upon any adverse party, without prejudice, and file with the court, an offer to take judgment in the offeror's favor, or as the case may be, to allow judgment to be taken against the offeror, for a sum stated therein or for property or to the effect specified in the offer (including costs). If at any time on or prior to the 10th day before the actual trial date the offer is accepted, the offeree shall serve upon the offeror and file a notice of acceptance with the court....

[*R.* 4:58–1]

After receiving no answer from plaintiffs, defendants moved to compel plaintiffs to accept the sum offered in full satisfaction of the claim and to dismiss the complaint with prejudice. Plaintiffs cross-moved for an adjournment of the trial date and for permission to serve a supplemental expert report. The matter was not heard by Judge Locascio. The second judge dismissed the complaint with prejudice and compelled plaintiffs to accept defendants' offer of judgment. The judge noted that the storm damage had occurred in December 1992 and yet, by September 1997, plaintiffs had not provided receipts or estimates for the repair. The judge

correctly concluded that, "plaintiffs have literally slept, despite repeated wake up calls." The judge also found that the intent of Judge Locascio's orders was clear.

Plaintiffs appeal contending that the trial court erred in limiting their recovery to the offer of judgment.[3] In particular, plaintiffs argue that expert reports do not fit within the purview of the term "documents" and therefore should not be precluded pursuant to Judge Locascio's order to restore the complaint. We disagree.

## II

As support for their argument, plaintiffs rely on *Hamilton v. Letellier Const. Co.*, 156 *N.J.Super.* 336, 383 *A.2d* 1168 (App.Div. 1978). The *Hamilton* trial court excluded the testimony of two non-medical expert witnesses, and their respective reports, because the plaintiff's answers to interrogatories had furnished only the names and addresses of medical experts. *Id.* at 337–38, 383 *A.2d* 1168. We held that where there is no prejudice to the defendant except for some "comparatively slight delay in order . . . to obtain additional discovery and to retain an expert or experts if needed," other appropriate terms should have been imposed rather than excluding the testimony. *Id.* at 338, 383 *A.2d* 1168.

Plaintiffs also rely on *Glowacki v. Underwood Memorial Hosp.*, 270 *N.J.Super.* 1, 636 *A.2d* 527 (App.Div.1994). In *Glowacki*, we held that, where the defendant had been formally notified and plaintiff moved after a trial on liability but before a trial on damages for the use of a vocational expert, the trial court was within its discretion to relax the exclusionary aspects of *R.* 4:17–7 "in the interests of justice". *Id.* at 13, 636 *A.2d* 527. We noted that the defendant had ample notification and an opportunity to

---

[3] We had previously dismissed plaintiffs' appeal for failure to file a timely brief. Plaintiffs moved to file their brief out of time. We reinstated plaintiffs' appeal. *Harry Hoehn, et al. v. Robert Marrett, et al.*, No. M1180–99 (App.Div. November 22, 1999.)

consult an expert of its own. *Id.* at 14, 636 *A.*2d 527. Therefore, the defendant was neither surprised nor prejudiced by the trial court's decision to allow the new experts. *Ibid.; see also Androvich v. Lassach,* 156 *N.J.Super.* 499, 384 *A.*2d 169 (App.Div.1978) (holding that the trial judge mistakenly exercised discretion by refusing to permit both parties to amend answers to interrogatories after the liability trial but before the damages trial).

Finally, plaintiffs rely on *Wilkins v. Hudson County Jail,* 217 *N.J.Super.* 39, 524 *A.*2d 1274 (App.Div.), *certif. denied,* 109 *N.J.* 520, 537 *A.*2d 1304 (1987), for the proposition that a trial judge should consider other avenues before excluding evidence. In *Wilkins,* the plaintiff's attorney had failed to comply with orders restricting the use of expert witnesses. *Id.* at 42, 524 *A.*2d 1274. As such, plaintiff's expert testimony was limited to one. *Id.* at 43, 524 *A.*2d 1274. We held that the plaintiff should not have been restrained from presenting expert witnesses because she was "entirely blameless." *Id.* at 46, 524 *A.*2d 1274. Moreover, the two expert witnesses were named in answers to interrogatories as fact witnesses. *Ibid.* We concluded that though the attorney had committed malpractice, the plaintiff should not have been punished for it. *Ibid.* Moreover, we noted that "it cannot fairly be said that defendants were entirely surprised by the existence of the expert opinions counsel attempted to elicit at trial." *Ibid.*

■ To us, it is evident that *Hamilton, Glowacki, Androvich* and *Wilkins* are distinguishable from the facts here. Plaintiffs had several years to submit evidence of repair bills, estimates, lost revenue projections, and the like. They failed to submit any actual evidence of repair or replacement costs other than one receipt in the amount of $5,378.89. Unlike *Wilkins,* the blame for failure to produce the evidence lies solely upon plaintiffs not their counsel.

■ We emphasize the importance of adhering to discovery orders. It is well settled that "[a] trial court has inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that [the sanctions] be just

and reasonable in the circumstance." *Calabrese v. Trenton State College*, 162 *N.J.Super.* 145, 151–52, 392 *A.*2d 600 (App.Div.1978), *aff'd*, 82 *N.J.* 321, 413 *A.*2d 315 (1980). *See also Mauro v. Owens–Corning Fiberglas Corp.*, 225 *N.J.Super.* 196, 542 *A.*2d 16 (App. Div.1988), *aff'd sub nom, Mauro v. Raymark Industries, Inc.*, 116 *N.J.* 126, 561 *A.*2d 257 (1989) (holding that the trial court's exclusion of evidence was reasonable and not abuse of discretion); *Clark v. Fog Contracting Co.*, 125 *N.J.Super.* 159, 162, 309 *A.*2d 617 (App.Div.), *certif. denied*, 64 *N.J.* 319, 315 *A.*2d 408 (1973) (holding that the trial court's exclusion of an expert report was not an abuse of discretion, given the failure to supply information sought in discovery).

We reject plaintiffs' argument that an expert report cannot be considered a "document" and, thus, would not be within the purview of Judge Locascio's order. This argument is disingenuous. Judge Locascio sought to limit plaintiffs' evidence on damages to those proofs submitted in discovery prior to September 8, 1997. The expert report, which plaintiffs sought to submit after that date, was clearly prohibited.

Based on plaintiffs' inability to comply with the rules of discovery and the orders of the court, we agree with the trial court's conclusion that the belated submission of evidence here, would have surprised and prejudiced defendants. Thus, we affirm Judge Locascio's order in this regard. The second judge acted properly in enforcing these prior discovery orders.

### III

Plaintiffs did not directly address on appeal, the issue of whether the trial court could compel them to accept an offer of judgment. However, we conclude that the trial court had no authority to compel acceptance of the offer of judgment and to dismiss the complaint.

The procedure set by *R.* 4:58 can be outlined as follows. Any party to any action, other than a matrimonial action, may, at any time not later than twenty days prior to the actual trial date, serve

upon the opposing party an offer of judgment. The offeree has until the tenth day prior to the trial date to accept the offer. The offeree may either accept or reject the offer of judgment.

*R.* 4:58 does not compel acceptance. However, there are consequences to non-acceptance. *R.* 4:58–2 and –3 provide that if the judgment is at least as favorable to the offeror as the rejected offer, the offeror may be entitled to reasonable litigation expenses, interest and reasonable attorney's fees.[4] The purpose of the rule is to encourage judicial efficiency and "to encourage use of a technique which has traditionally been neglected." Pressler, Current N.J. Court Rules, comment on *R.* 4:58 (2000). Those rules encourage the parties to negotiate in an effort to resolve their dispute. They do not mandate acceptance by an offeree.

Here, plaintiffs were under no obligation to accept the defendants' offer of judgment. However, if the matter proceeds to final

---

[4] The text of the rules is as follows:

**4:58–2. Consequences of Non–Acceptance of Claimant's Offer**

If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, (a) all reasonable litigation expenses incurred following non-acceptance; (b) eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later; and (c) a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance. In an action for unliquidated damages, however, no allowances under this rule shall be granted to the offeror unless the amount of the recovery is in excess of 120% of the offer. A claimant entitled to interest under *R.* 4:42–11(b) shall be allowed interest under this rule only to the extent it may exceed the interest allowed under *R.* 4:42–11(b).

**4:58–3. Consequences of Non–Acceptance of Offer of Party Not a Claimant**

If the offer of a party other than the claimant is not accepted and the determination is at least as favorable to the offeror as the offer, the offeror shall be allowed, in addition to costs of suit, litigation expenses and attorney's fee as prescribed by *R.* 4:58–2, and any such allowances shall constitute a prior charge upon the judgment. In an action for unliquidated damages, however, no allowances under this rule shall be granted to such offeror unless the amount awarded to the claimant is in excess of $750.000 and is less than 80 percent of the offer.

judgment, and the judgment is over $750, but is $5,378.89 or less, then defendants will be entitled to reasonable litigation expenses and attorney's fee, pursuant to *R.* 4:58-3.

Accordingly, we affirm those portions of the order which denied plaintiffs' request for an adjournment and to submit supplemental expert's reports. We reverse that portion of the order which compelled plaintiffs to accept the offer of judgment and dismissing the complaint with prejudice. The matter is remanded to the Law Division for trial. Plaintiffs may not present any proofs of damages beyond those permitted by Judge Locascio's order. If the matter proceeds to final judgment, plaintiffs are subject to the consequences imposed by *R.* 4:58-3. Our opinion does not preclude a settlement between the parties.

Affirmed in part, reversed in part.