■ LIPSIG, SULLIVAN, MOLLEN & LIAPAKIS, P. C., Respondent, v GEORGE J. SHAMY, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Grossman, J.), entered January 22, 1981, granting motion of defendant-appellant Shamy to open default and to vacate judgment on default on

·condition that said defendant give an undertaking for the full amount of the judgment, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of striking the condition that defendant-appellant Shamy shall furnish an undertaking for the full amount of the judgment and substituting therefor the condition that within 20 days after the date of this order said defendant-appellant shall pay to plaintiff as costs the sum of $1,000, and in the event of failure by said defendant to comply with said condition, the motion to open the default shall be denied and the judgment against said defendant shall remain in full force and effect, and the order is otherwise affirmed, with costs to plaintiff. This is an action arising out of the failure of defendant-appellant, a New Jersey attorney, to pay to plaintiff, the former New York attorneys, a share of the fee in a certain wrongful death action in accordance with a written agreement between the parties. Because of defendant's default in answering, an inquest was held and default judgment was entered against defendant. Defendant says that he thought there was an informal understanding not to enter such judgment, although the written record does not appear to support him on this contention. However, the judgment is for a relatively large amount, $94,799.15, and includes an arguably questionable item of $30,000 as punitive damages. " 'It is the general policy of the courts to permit actions to be determined by a trial on the merits whenever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues.' (*Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp.,* 14 AD2d 830, 831.)" (Quoted with approval in *Cappel v RKO Stanley Warner Theaters,* 61 AD2d 936, 937.) On the whole, we think it better to permit defendant to defend. Plaintiff attorneys have, however, been unjustifiably put to a great deal of work because of defendant's default, and there should be some sanction against defendant for this. We think the condition imposed by Special Term — a surety bond for the full amount of the judgment — is too severe a sanction. We, accordingly, substitute for that condition the condition that defendant-appellant shall pay $1,000 to plaintiff as partial compensation for its trouble, and also impose costs of this appeal on defendant-appellant. Concur — Carro, J. P., Markewich, Silverman, Bloom and Fein, JJ.