**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3442-18T2

CARBONATOR RENTAL
SERVICES INC.,

     Plaintiff-Respondent,

v.

DANDY RESTAURANT LLC,
d/b/a O'DONNELL'S RESTAURANT,

     Defendant/Third-Party
     Plaintiff-Appellant,

v.

LOUIS HAYS,

     Third-Party Defendant-
     Respondent.

_____

Submitted January 23, 2020 – Decided February 18, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-009190-18.

Law Offices of Igor Sturm, attorneys for appellant (William C. MacMillan, on the briefs).

Law Offices of Frederic I. Weinberg & Associates, PC, attorneys for respondents (Joel M. Flink, on the brief).

PER CURIAM

Defendant Dandy Restaurant LLC, d/b/a O'Donnell's Restaurant (Dandy) appeals from a January 22, 2019 order denying defendant's motion to vacate a default judgment, a March 7, 2019 order denying a motion to vacate default judgment by consent, and an April 2, 2019 order denying defendant's motion for reconsideration of the March 7, 2019 order. We reverse and remand for further proceedings.

Plaintiff Carbonator Rental Services, Inc. contracted to supply Dandy with carbonated beverage equipment. Defendant alleged that after the parties' contract was executed, plaintiff and its representative, third-party defendant Louis Hays, fraudulently altered the contract by increasing the lease payment for plaintiff's equipment from nine dollars to twenty-nine dollars per week. Defendant refused to pay the higher amount and plaintiff instituted suit against defendant, alleging breach of contract. Plaintiff sought damages totaling $3929.59. Defendant answered, counterclaimed against plaintiff, and filed a third-party complaint against Hays in September 2018.

On September 23, 2018 defendant filed a motion to transfer the matter to the Law Division, claiming a recovery on the counterclaim and third-party complaint would exceed the jurisdiction of the Special Civil Part.[1] While that motion was pending, the Special Civil Part clerk scheduled trial for November 13, 2018. Defendant requested and received an adjournment of the trial date to accommodate the pending motion to transfer. A second trial notice was generated, providing for a new trial date of December 11, 2019.

The Law Division judge denied defendant's transfer motion without prejudice on November 30, 2018 due to a purported failure to provide the trial court with a courtesy paper copy of the motion to transfer. Defendant's attorney claims he previously provided the Law Division judge with a courtesy copy of the motion and when he contacted the judge's chambers to explain this, he was told to refile the motion. Although he refiled the motion on December 21, 2018, defendant's attorney asserts that while the initial motion to transfer was pending, his secretary mistakenly "thought [the December 11, 2018 trial notice] was the first trial date that had been adjourned." Accordingly, the second trial date was not placed on the attorney's calendar.

---

[1] The monetary limit for damages in the Special Civil Part is $15,000. R. 6:1-2.

On December 11, 2018, the Special Civil Part judge called this matter. Counsel for plaintiff and his client appeared, but neither defendant nor its counsel appeared, so the trial court entered default against defendant. On January 2, 2019, plaintiff submitted its request to enter default judgment against defendant. Several days later, the trial court entered default judgment against defendant in the amount of $4387.97 and deemed the judgment effective as of January 2, 2019.

Defendant's attorney argues he first learned of the entry of default when he spoke with plaintiff's attorney on January 3, 2019. He immediately filed a motion to "vacate default and/or default judgment" on January 4, 2019. In his supporting certification, defense counsel explained his lack of appearance on the adjourned trial date, stating:

> Based upon my office's prior communications with the [c]lerk's office, wherein the previous . . . trial date was postponed due to the pending motion to transfer the matter to the Law Division, it was <u>mistakenly understood</u> that the December 11, 2018 trial date had been adjourned due to the still pending motion to transfer to the Law Division.
>
> [(Emphasis added).]

The trial judge heard brief oral argument on defendant's motion to vacate on January 22, 2019. By this time a default judgment had been rendered in

4

plaintiff's favor. During argument, the judge stated he was "not inclined to vacate the default here." Alluding to the calendar error in his office, defense counsel maintained, "[i]t was a mistake." The judge responded, "[w]ell, I don't think it's excusable neglect," and without further explanation, he denied defendant's motion.

On February 22, 2019 defendant filed another motion to vacate default judgment, this time with plaintiff's consent. The trial court denied the second motion to vacate on March 7, 2019, on the papers, noting defendant's motion was "unopposed." This order reflects the word, "DENIED," written over defendant's proposed relief, with the added notation, "SEE ORDER OF JANUARY 22, 2019." No further statement of reasons was included with this order.

Defendant filed a motion for reconsideration on March 13, 2019, which was heard on April 2, 2019. The following colloquy ensued between defense counsel and the trial court:

> Judge, I mean, if the parties are in agreement that default judgment should be vacated, where is the countervailing interest?
>
> . . . .
>
> THE COURT: . . . Both parties come up and they go, we both agree to adjourn the trial date . . . . Or we both

agree to do this and do that. No. No, no, no. The [c]ourt makes these decisions, not the parties. And the countervailing reasoning is that the [c]ourt made a decision.

. . . .

[DEFENSE COUNSEL]: - - the initial decision, they opposed the motion. They opposed it. And that was the basis for Your Honor's decision . . . .

So then I -- we conferred. And based on our agreement, we agreed that the default judgment should be vacated. So, Your Honor, the considerations for the second application are different because they're no longer opposed to vacating the default judgment. And I think the [c]ourt should give proper weight to that consideration.

THE COURT: The consideration is that once-- the one time they oppose and then they change their mind and don't oppose?

[DEFENSE COUNSEL]: The -- yes, Your Honor.

THE COURT: No. Okay. All right. I hear you, but no. No. So the motion for reconsideration is denied. I'm sorry, but no.

On appeal, defendant argues the denial of its initial motion to vacate default was error because defendant filed its motion before the trial court entered judgment in plaintiff's favor, and it demonstrated "good cause" consistent with Rule 4:43-3 to vacate default; alternatively, defendant argues it established "excusable neglect" and a "meritorious defense" under Rule 4:50-1 for vacating

the default judgment. [2]  See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468 (2012).  Defendant further argues that the trial court mistakenly failed to draw any distinction between the initial motion which had been opposed by plaintiff, and its second motion for vacatur, to which plaintiff consented. Defendant adds the March 7, 2019 order denying its unopposed motion was "bereft of any stated reasons or basis."

Our standard of review warrants substantial deference to a trial court's determination on a motion to vacate a default or a default judgment, which "should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467; see Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); see also Mancini v. EDS, 132 N.J. 330 (1993).  An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A motion to vacate default judgment implicates two competing goals: the desire to resolve disputes on the merits, and the need to efficiently resolve cases

---

[2] These rules are applicable to matters in the Special Civil Part, pursuant to Rule 6:6-1.

and provide finality and stability to judgments. In balancing these two goals, we favor the party seeking relief, because of the high value we place on deciding cases on their merits. See Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100-01 (App. Div. 1998) (stating that doubts should be resolved in favor of the applicant in order to secure a trial upon the merits).

"A court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini, 132 N.J. at 334 (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)).

Here, we need not decide whether defendant's vacatur motions should have been held to the more stringent standard set forth in Rule 4:50-1(a), or the relaxed standard outlined in Rule 4:43-3. We are satisfied defense counsel's honest mistake, and his office's failure to diary the second trial date of December 11, 2018 while his motion to transfer was pending, satisfied both the "excusable neglect" and "good cause" thresholds respectively required under Rules 4:50-1(a) and 4:43-3. Indeed, we have observed that "[e]xcusable neglect" may be found when the default was "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Guillaume, 209 N.J. at 468 (quoting

Mancini, 132 N.J. at 335). Moreover, we remain troubled by the trial court's failure to explain, in any meaningful fashion, its conclusions to the contrary with respect to its orders of January 22, March 7 and April 2, 2019.

Rule 1:7-4(a) requires that the court "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." The Supreme Court has expounded on this essential obligation:

> Failure to perform that duty constitutes a disservice to the litigants, the attorneys and the appellate court. Naked conclusions do not satisfy the purpose of [Rule] 1:7-4. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions.
>
> [Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (citation omitted).]

Here, we are hampered in our task because the judge did not comply with Rule 1:7-4(a). Further, we are satisfied the judge abused his discretion by denying defendant's vacatur motions. We therefore reverse and remand for further proceedings. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3442-18T2