**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1368-19T2

TRAXI LLC,

      Plaintiff-Respondent,

v.

EDISON LITHOGRAPHING &
PRINTING CORP., a/k/a EDISON
LITHOGRAPHIC SOLUTIONS
& PRINTING CORP. and
EDISON SOLUTIONS LLC,

      Defendants-Appellants.

_____

          Argued November 12, 2020 – Decided December 7, 2020

          Before Judges Alvarez and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Law
          Division, Hudson County, Docket No. L-0432-19.

          Daniel F. Sahin argued the cause for appellants (Sahin
          & Watson, PC, attorneys; Daniel F. Sahin, on the brief).

          Christopher J. Kellar argued the cause for respondent
          (Rothbard, Rothbard, Kohn & Kellar, attorneys;
          Christopher J. Kellar, on the brief).

PER CURIAM

Defendants Edison Lithographing & Printing Corp. and Edison Solutions LLC[1] appeal from a November 22, 2019 order denying their motion to vacate a March 21, 2019 default judgment pursuant to Rule 4:50-1(a) and (f). On appeal, defendants argue that the trial court abused its discretion when it found no excusable neglect or exceptional circumstances that justified relief. Defendants also argue that the court erred in finding their motion was untimely pursuant to Rule 4:50-2. Based on the record, and considering the applicable law, we affirm.

We discern the following facts from the record. On January 30, 2019, plaintiff filed a complaint on a book account seeking $124,541.32 in unpaid invoices from defendants. The summons and complaint were successfully served on February 6, 2019. On March 14, 2019, because defendants had failed to file an answer, plaintiff requested the clerk enter default. On March 19, 2019, plaintiff filed a request for default judgment, and two days later the clerk entered default judgment.

On May 23, 2019, the sheriff's office levied on defendants' office equipment. On June 7, 2019, the sheriff's office levied upon defendants' bank

_____

[1] The term "defendants" will be used to refer collectively to both Edison Lithographing & Printing Corp. and Edison Solutions LLC.

A-1368-19T2

account.  On July 12, 2019, the court issued an Order for Turnover of funds in the amount of $62,132.83 as partial satisfaction of the judgment.  On July 16, 2019, defendants were mailed a copy of the executed Order for Turnover.

On September 13, 2019, the court issued an Order to Enforce Litigant's Rights due to the defendants' failure to comply with an information subpoena that was mailed on July 30, 2019.  On September 27, 2019, defendants provided uncertified answers to the information subpoena.  On October 23, 2019, civil arrest warrants were issued due to defendants' failure to provide certified responses to the information subpoena.  On October 25, 2019, defendants served certified answers to the information subpoena.

On November 6, 2019, roughly six months after the initial levy, and seven months after entry of default judgment, defendants filed the motion to vacate. In opposing the motion, Abraham Biller, defendant's CEO, certified that defendants were "basically hand-cuffed at the time [plaintiff] filed its complaint" and that defendants were "so financially strapped that [they] were unable to pay a lawyer to defend" against the complaint.

On November 22, 2019, the trial judge denied the motion.  The judge noted the "substantial amount of time" that passed between default judgment and defendants' motion.  The judge observed that even though defendants were

A-1368-19T2

personally served with the summons and complaint, were served with the final judgment and had their goods and bank account levied upon, defendant inexplicably took no action to enter an appearance or file the motion earlier. The judge held that "[c]hoosing not to participate in the lawsuit, even in light of financial difficulties, does not constitute excusable neglect nor exceptional circumstances."

On appeal, defendants raise the following arguments for our consideration:

> POINT I
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT.
>
> POINT II
>
> DEFENDANT[S'] MOTION TO VACATE WAS FILED IN A TIMELY MANNER.
>
> POINT III
>
> [DEFENDANTS] WOULD HAVE LIKED TO DEFEND THE LAWSUIT AND WOULD HAVE PREFERRED TO FILE THE PRESENT MOTION SOONER, BUT FINANCIAL CIRCUMSTANCES PREVENTED IT FROM DOING SO.

Decisions whether to vacate a default judgment are left to the sound discretion of the trial court. Mancini v. EDS, 132 N.J. 330, 334 (1993). Courts

4

should view "the opening of default judgments . . . with great liberality," and should tolerate "every reasonable ground for indulgence . . . to the end that a just result is reached."  Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964).  Nevertheless, a trial court's decision, pursuant to Rule 4:50-1, "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted).

We affirm the trial court's conclusion that defendants failed to establish either excusable neglect under Rule 4:50-1(a) or exceptional circumstances pursuant to Rule 4:50-1(f).  In support of both grounds for relief, defendants exclusively rely on unspecified and unsubstantiated financial difficulties which allegedly precluded them from retaining counsel.

Financial straits cannot establish that the default was "attributable to an honest mistake that is compatible with due diligence or reasonable prudence."  Mancini, 132 N.J. at 335.  In that regard, defendants indisputably knew of the action from its inception as they were properly served with the summons and complaint, as well as the final judgment by default.  Months later, the sheriff's office conducted two levies, one on defendants' office equipment and one on defendants' bank account.  Defendants responded to the information subpoena,

and only filed the motion to vacate after civil arrest warrants were issued. Under these circumstances, defendants' cavalier disregard of the court's process cannot equate to excusable neglect. See Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100 (App. Div. 1998) ("the absence of evidence establishing willful disregard of the court's process is an important consideration.") (citing Mancini, 132 N.J. at 336).

Equally without merit is defendants' unsupported argument that they should be relieved from the judgment because they could not afford counsel. Generally, the inability to afford a lawyer does not satisfy exceptional circumstances under Rule 4:50-1(f). See In re Estate of Schifftner, 385 N.J. Super. 37, 44 (App. Div. 2006). Even according credence to the argument that defendants, as corporate entities, could not have represented themselves in court, see R. 1:21-1(c), there is simply no basis in the record to support their claim that they had insufficient resources to retain counsel. Apart from unsupported and bald assertions that they were "strapped," defendants presented no documentary evidence such as financial statements or balance sheets to establish that defendants were "in the red." In fact, the record shows that more than $60,000 was levied from defendants' bank account, and that they owned equipment and

machinery valued in the millions, only a fraction of which has been levied upon in partial satisfaction of the judgment.

For similar reasons, we agree with the trial court that defendants' motion was untimely. R. 4:50-2. Defendants claim the motion was timely because it was filed less than a year after the entry of default judgment. Contrary to defendant's belief, parties do not necessarily have one year to file a motion to vacate. See Orner v. Liu, 419 N.J. Super. 431, 438 (App. Div. 2011) ("[D]elays of less than one year may be unreasonable."); N.B. v. S.K., 435 N.J. Super 298, 310 (App. Div. 2014) ("what constitutes a reasonable time to seek relief is dependent on the totality of the circumstances."). We see no reason to disturb the trial judge finding that defendants' deliberate delay rendered their motion untimely.

We conclude the remaining arguments – to the extent we have not addressed them – lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1368-19T2