**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1177-22

DISCOVER BANK,

    Plaintiff-Respondent,

v.

ALESSANDRA M. MORAES,
a/k/a ALESSANDRA M.
NARDONE, and
ALESSANDRA MARC
MACIEL,

    Defendant-Appellant.

_____

Argued January 31, 2024 – Decided February 12, 2024

Before Judges Firko and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-002345-09.

Alessandra M. Moraes, appellant, argued the cause pro se.

Donald V. Valenzano, Jr. argued the cause for respondent (Pressler, Felt & Warshaw, LLP, attorneys; Donald V. Valenzano, Jr. and Michael J. Peters, on the brief).

PER CURIAM

Defendant Alessandra M. Moraes appeals from an October 21, 2022 Special Civil Part order denying her motion to vacate an April 15, 2009 final judgment. Having considered the record and applicable legal principles, and finding defendant's arguments on appeal are devoid of merit, we affirm.

## I.

We derive the following facts from the record. On January 21, 2009, plaintiff Discover Bank filed a complaint against defendant alleging breach of contract based on her failure to pay credit card debt in the amount of $12,872.59 plus interest of $68.06 for a total of $12,940.65. Defendant did not challenge service of process of the summons and complaint. She did not file a responsive pleading, and default was entered. On April 15, 2009, the court entered a default judgment against defendant, which was sent to her by plaintiff's counsel pursuant to Rule 6:6-3(e).[1]

---

[1] The Rule provides:

> At the time a default judgment is entered, the clerk shall notify . . . the judgment-creditor's attorney of the effective date and amount of the judgment. Upon receipt of the notice, the judgment-creditor shall notify the judgment-debtor within [seven] days by ordinary mail of the effective date and amount of the judgment.

On June 8, 2009, the clerk of the court issued a writ of execution against defendant's chattels. Defendant's Bank of America account was levied upon in the amount of $1,407.54. Plaintiff moved to turnover the levied funds, which was unopposed by defendant, and was granted by the court on August 14, 2009. Plaintiff's counsel sent defendant an information subpoena. Defendant returned a partially completed information subpoena and signed questionnaire to plaintiff's counsel on July 12, 2009. Plaintiff's counsel sent defendant a letter in an effort to resolve the amount owed on the judgment at a reduced rate on February 24, 2011, but defendant did not respond.

On May 19, 2011, the clerk of the court issued a subsequent writ of execution on defendant's chattels, which resulted in another levy in the amount of $23.10 on defendant's Bank of America account. Plaintiff moved to turnover the levied funds, which was granted as unopposed on July 22, 2011. Plaintiff undertook multiple execution efforts, all on notice to defendant, and additional turnover orders were entered on April 4, 2014, and September 5, 2014. On June 24, 2020, defendant filed a police report with the Paterson Police Department alleging she was the victim of identity theft. On November 20, 2020, defendant filed a written objection to plaintiff's wage execution application but did not pursue any other efforts regarding the judgment.

A-1177-22

On July 22, 2021, defendant's wages were garnished, based on a writ of execution, which was served upon her. Defendant's employer has since been garnishing her wages. Defendant did not appeal from any of the orders.

On February 9, 2022, more than twelve-and-a-half years after the judgment was entered, defendant moved to vacate and "expunge" the judgment. Defendant's supporting certification asserted various grounds for the requested relief, including claims that: on June 24, 2020, she discovered she had been a victim of identity theft after multiple unknown accounts appeared on her credit report; plaintiff failed to prove to the court it was the original account holder, or that it had a lawful security interest on the subject account; plaintiff failed to show it had an enforceable contract with defendant; plaintiff violated § 1692c(a)(1) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692o[2]; plaintiff failed to oppose or rebut defendant's identity theft victim's complaint and affidavit; and plaintiff failed to respond to defendant's opportunity to cure within a reasonable time. Plaintiff opposed defendant's motion.

---

[2] Defendant's brief incorrectly cites the intended provision as "FDCPA § 805." We surmise the intended cite is FDCPA § 805 because § 1692c deals with communications, which is the basis of defendant's claim.

In an October 21, 2022 order entered after oral argument, the court denied defendant's motion to vacate the final judgment, which the court noted is governed by Rule 4:50-1.  In rendering its decision, the court specifically relied on two unrefuted facts.  First, the court found defendant waited twenty months after she discovered the identity theft to file the motion to vacate.  Second, the court further determined there were earlier execution and supplemental proceedings, defendant's addresses "match[ed] up," and she responded to plaintiff's information subpoena, thereby evidencing she was aware of the judgment.  The court determined that using either the date of the judgment or the police report, defendant's motion to vacate was untimely.

Relying on our decision in Marder v. Realty Construction Co., 84 N.J. Super. 313, 318 (App. Div. 1964), the court highlighted that "a defendant seeking to reopen a default judgment must show that the neglect to answer was excusable under the circumstances and that [there is] a meritorious defense." Considering the record presented, the court found defendant failed to meet her burden to vacate the judgment.  The court found defendant failed to establish she moved "within a reasonable time after the judgment was entered" as required by Rule 4:50-2.

A-1177-22

Under Rule 4:50-1(a), (b), and (c), the court explained a motion to vacate a judgment must be filed "not more than one year after the judgment, order, or proceeding was entered or taken," which was not the case here. A memorializing order was entered.

Defendant appealed from the court's order denying her motion to vacate the final judgment. In her self-authored brief, defendant presents the following arguments for our consideration:

> (1) a defendant seeking to reopen a default judgment must show that the neglect to answer was excusable under the circumstances; and

> (2) a defendant seeking to reopen a default judgment must demonstrate a meritorious defense.

We are unpersuaded.

## II.

"Generally, a decision to vacate a default judgment lies within the sound discretion of the trial court, guided by principles of equity." Romero v. Gold Star Distrib., L.L.C., 468 N.J. Super. 274, 293 (App. Div. 2021) (quoting Coryell, L.L.C. v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006)). A court's denial of a motion to vacate a final judgment "will be left undisturbed 'unless it represents a clear abuse of discretion.'" Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). "[A]buse of discretion only

6

arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and when the trial court's decision is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis[,]" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

The court did not abuse its discretion by denying defendant's Rule 4:50-1 motion. Defendant filed the motion more than twelve-and-a-half years after entry of the final judgment. Although defendant does not identify the section of Rule 4:50-1 under which she sought relief, to the extent the motion is based on alleged mistake, inadvertence, surprise, or excusable neglect under Rule 4:50-1(a), newly discovered evidence under Rule 4:50-1(b), or fraud under Rule 4:50-1(c), it was properly denied as time-barred because it was not filed within one year after the final judgment was entered. R. 4:50-2. Similarly, because defendant does not argue the judgment has been satisfied, released, or discharged, any putative claim she is entitled to relief under Rule 4:50-1(e) was correctly rejected by the motion court.

Fairly read, defendant's pro se brief argues she was entitled to relief from the judgment under Rule 4:50-1(a) and (f) because she was going through a

7

divorce from her second husband, she was not fluent in reading and writing English when the litigation was pending, and the court did not consider her identity theft claim and relied upon her failure to file an answer to the complaint as the basis for its decision. Defendant further claims that her partially filling out the "financial statement" in 2009 "is not proof she actually established the account."

Defendant's arguments, raised for the first time many years after entry of a final judgment, do not support relief under Rule 4:50-1(a) and (f). "[Motions to vacate] default judgments should be viewed with great liberality." Mancini v. EDS ex rel. N.J. Auto Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (quoting Marder, 84 N.J. Super. at 319). "All doubts . . . should be resolved in favor of the parties seeking relief." Ibid. That is so because of the importance we attach to securing a decision on the merits. Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100-01 (App. Div. 1998).

However, to prevail on a motion to vacate a judgment under Rule 4:50-1(a), a party is "compelled to prove the existence of a 'meritorious defense,'" Guillaume, 209 N.J. at 469 (2012) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 284 (1994)). "[I]t would create a rather anomalous situation if a judgment were to be vacated on the ground of . . . excusable neglect, only to

8

discover later that the defendant had no meritorious defense." Ibid. (first alteration in original) (quoting Shulwitz v. Shuster, 27 N.J Super. 554, 561 (App. Div. 1953)).

The record presented to the court on defendant's motion to vacate the default judgment is bereft of any evidence supporting a meritorious defense to the allegations in the complaint. Moreover, the court's finding that defendant failed to demonstrate excusable neglect for her failure to answer to the complaint and respond to plaintiff's applications for levies, turnover orders, and wage garnishment over a twelve-and-a-half-year period is supported by the record presented when the motion was decided.

The court aptly found that defendant not only failed to take any action to seek relief from the judgment—but she also failed to seek relief after she was aware of the purported identity theft when she filed a report with the police department in June 2020. Defendant waited approximately a year-and-a-half after filing the report to file her motion to vacate. For that reason alone, we are convinced the court did not abuse its discretion by finding defendant failed to establish an entitlement to relief from the final judgment and denying her motion to vacate the judgment.

A-1177-22

On appeal, defendant also contends she was not fluent in English in 2009, her native language is Portuguese, and none of the communications from plaintiff were written in Portuguese. Defendant asks this court to consider her community—the Ironbound section of Newark—is predominantly comprised of Spanish and Portuguese residents. She also asserts plaintiff has failed to demonstrate that the signature on any "contract" establishes an enforceable account with plaintiff. Defendant contends since plaintiff has not proven an enforceable contract, the six-year statute of limitations under N.J.S.A. 2A:14-1 bars the present action. She also claims the ten-year time period to enforce the obligation of a party to pay a draft under N.J.S.A. 12A:3-118(c) voids the wage executions entered in this matter.

We preface our decision as to these arguments by noting self-represented litigants are required to comply with the same court rules as attorneys. Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997). Thus, to the extent defendant raises arguments in her merits brief and relies upon documents in her appendix, which were not part of the motion record, we do not consider them, recognizing defendant failed to settle the record pursuant to Rule 2:5-5(b). We also limit our consideration "of the issues to those arguments properly made under appropriate point headings" and do not address "oblique hints and

assertions" that are not set forth in the point headings required under Rule 2:6-2(a)(6).  Almog v. Isr. Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div. 1997); see also Mid-Atl. Solar Energy Indus. Ass'n v. Christie, 418 N.J. Super. 499, 508 (App. Div. 2011) (refusing to address an issue raised in a two-sentence paragraph in a brief "without a separate point heading, in violation of Rule 2:6-2(a)[(6)]").  It is not our role to weave together the fabric of an argument on a party's behalf based on threads vaguely scattered amongst the arguments that are properly identified in point headings in accordance with Rule 2:6-2(a)(6).

Additionally, we do not consider facts which are not tied to the record. Pursuant to Rule 2:6-2(a)(5), an appellant must present facts "material to the issues on appeal supported by references to the appendix and transcript."  Where a party fails to refer to specific parts of the record to support an argument, we are not required "to search through the record ourselves."  Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474-75 (App. Div. 2008) (citation omitted).

Guided by these principles, we see no basis to disturb the October 21, 2022 order.  Moreover, we are persuaded defendant's arguments lack merit. R. 2:11-3(e)(1)(E).  The same is true for contentions raised by defendant, which are untethered to point headings, contrary to Rule 2:6-2(a)(6).  Because

11

defendant's arguments about going through a divorce and not being fluent in the English language when the litigation was pending were not raised before the court, were not jurisdictional in nature, and do not substantially implicate the public's interest, no further discussion is warranted on this issue. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2024). Here, contrary to defendant's assertion, the court did consider the identity theft issue in the context of the timeliness in filing a motion to vacate under Rule 4:50-1 and Rule 4:50-2.

In sum, we affirm the October 21, 2022 order substantially for the reasons expressed in the court's thoughtful oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION