**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0583-22

LATOYA COARD and
ANISHAH STEWART,

     Plaintiffs-Respondents,

v.

OKANLAWON JOHNSON,

     Defendant-Appellant.

_____

          Submitted November 29, 2023 – Decided November 26, 2024

          Before Judges Gummer and Walcott-Henderson.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0811-19.

          Margolis Edelstein, attorneys for appellant (Colleen M. Ready and Ian M. Sirota, on the briefs).

          Weir Greenblatt Pierce LLP, attorneys for respondents (Harry J. Kane, Jr., on the brief).

    The opinion of the court was delivered by

GUMMER, J.A.D.

In an alleged case of mistaken identity, defendant Okanlawon Johnson appeals from an order denying his motion for reconsideration of a prior order denying his motion to vacate a default judgment entered against him. Because the motion judge abused his discretion in denying the motion, we reverse.

I.

According to a police report, on August 19, 2017, a Georgia resident with the name "Johnson Okanlawon" – the inverse of defendant's name – was driving his black Chevrolet Tahoe with a Georgia license plate in reverse on the exit ramp of a highway when it collided with a car driven by plaintiff LaToya Coard. Plaintiff Anishah Stewart was a passenger in Coard's car. A third car then hit Coard's car. Coard's car sustained "major damage"; Coard and her passengers were transported to a hospital.

On February 27, 2019, plaintiffs filed a lawsuit seeking damages for the injuries they had sustained as a result of the accident. They did not name Georgia resident Johnson Okanlawon as the defendant. Instead, they sued defendant Okanlawon Johnson, whom they described as residing in New York. Plaintiffs' counsel sent a copy of the complaint by certified mail to defendant at his New York address.

2

On April 24, 2019, after defendant had failed to respond to the complaint, plaintiffs filed a request to enter default against him. In support of that request, plaintiffs' counsel certified based on an executed certified mail return receipt that a copy of the complaint had been served on defendant on March 1, 2019. The trial court granted the request and entered default against defendant.

On September 27, 2019, plaintiffs moved for an entry of final judgment by default and asked the court to schedule a proof hearing. Plaintiffs' counsel certified he had mailed a copy of the notice of motion to defendant at his New York address. On October 25, 2019, the court issued an order decreeing that "default" was entered and scheduled "a proof hearing to assess damages" for December 9, 2019. According to court records, plaintiffs' counsel submitted several adjournment requests. In a letter dated January 21, 2022, plaintiffs' counsel advised defendant a proof hearing had been scheduled for February 14, 2022. After conducting the hearing, the court on February 14, 2022, entered final judgment by default against "defendant Okanlawon Johnson," awarding $74,000 to Coard and $102,000 to Stewart. Under cover of a February 15, 2022 letter, plaintiffs' counsel sent defendant a copy of the judgment and asked defendant to contact him.

3

In a May 4, 2022 letter, defense counsel asked plaintiffs' counsel to sign a consent order vacating the judgment, asserting "[t]he facts establish that you sued the wrong individual." On June 29, 2022, defendant moved to vacate the judgment and requested oral argument of his motion. In support of the motion, defendant certified he "was not the individual involved in this accident," he had never lived in Georgia or owned a black Chevrolet Tahoe, and the car he owned at the time of the accident was not involved in the accident. He admitted he had been "served with a summons and complaint and various other pleadings after this accident" but asserted he "did not fully understand the bases of the allegations being made against [him] and further, as [he] had not been involved in this accident nor was [his] vehicle involved in this accident, [he] believed that this was simply an error."

In opposition to the motion, plaintiffs submitted their counsel's certification, in which counsel stated that for purposes of the motion, plaintiffs were not contesting defendant's mistaken-identity assertions. Instead, counsel contended defendant had not offered any excuse for his failure to respond to the complaint, the motion, or any correspondence and could not establish "any reasonable basis nor good cause for his failure to timely address [c]ourt process." Counsel also asserted defendant's neglect had prejudiced plaintiffs "in

that the misunderstanding concerning the [d]efendant's identity/address was not raised or addressed until some [three] years into the litigation, severely prejudicing plaintiffs in their ability to amend pleadings and rectify the situation." Counsel requested that if the court was inclined to grant the motion, it grant plaintiffs leave to amend the complaint "to reflect the proper address/identity of [d]efendant."

Without conducting oral argument, the court on August 5, 2022, entered an order denying the motion, incorrectly indicating the motion had been unopposed. The motion judge did not provide any explanation, verbal or written, for the basis of his decision. See R. 1:7-4(a) ("The court shall, by opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . .").

On August 17, 2022, defendant moved for reconsideration of that order. In response, plaintiffs did not oppose the motion but cross-moved for leave to amend the complaint. In his certification in support of the cross-motion, plaintiff's counsel stated plaintiffs wanted to amend the complaint "to name [the] party whose identity and status were obscured by Travelers." In their accident report, the police identified Travelers as the company that insured the Chevrolet

Tahoe driven by Johnson Okanlawon at the time of the accident. In a reply brief, defense counsel highlighted the differences between defendant and the driver described in the police report of the accident, including their different insurance companies and policy numbers.

During oral argument, defense counsel contended the judge should grant defendant's motion pursuant to subsections (a) and (f) of Rule 4:50-1, which permit the court to "relieve a party . . . from a final judgment or order for . . . (a) mistake, inadvertence, surprise or excusable neglect . . . or (f) any other reason justifying relief . . . ." The judge acknowledged that "it appeared to be an error that plaintiff[s] transposed the names but then just happened to find somebody with that transposed name in . . . New York . . . ." and that "[j]udgment against the wrong person, absolutely . . . very well likely may be the case." He nevertheless denied defendant's motion. The judge faulted defendant for not raising his mistaken-identity defense sooner and found plaintiffs were prejudiced by defendant's delay based on a possible statute-of-limitations defense by the actual driver. But see Bernoskie v. Zarinsky, 383 N.J. Super. 127, 135 (App. Div. 2006) (finding "[a] statute of limitations may be equitably tolled if the wrongdoer has concealed his identity, thereby preventing the injured party from bringing suit within the limitations period"). Plaintiffs' counsel

withdrew plaintiffs' cross-motion after the court denied defendant's motion.  The judge entered an order on September 9, 2022, denying the reconsideration motion.

This appeal followed.

II.

We review a trial court's decision to deny a motion for reconsideration or a motion to vacate a judgment under an abuse-of-discretion standard.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023), certif. denied, 255 N.J. 447 (2023).  An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).  "[A] trial court [also] mistakenly exercises its discretion when it 'fails to give appropriate deference to the principles' governing the motion" it is deciding.  BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021) (quoting Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100-01 (App. Div 1998)).

"Rule 4:50-1 allows a trial court to relieve a party from a final judgment or order" for certain enumerated bases. MTAG, 476 N.J. Super. at 333. "A court may also vacate a judgment pursuant to Rule 4:50-1 if 'a grave injustice would occur.'" State v. Hinton, 216 N.J. 211, 227 (2013) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994)). A court must view a motion to vacate a default judgment "'with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" MTAG, 476 N.J. Super. at 333 (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). A "court should resolve '[a]ll doubts . . . in favor of the part[y] seeking relief." BV001 REO, 467 N.J. Super. at 124 (alterations in original) (quoting Mancini, 132 N.J. at 334).

Rule 4:50-1 "is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Guillaume, 209 N.J. at 467 (quoting Mancini, 132 N.J. at 334). The importance of finality "must be 'weighed in the balance with the equally salutary principle that justice should be done in every case.'" Nowosleska v. Steele, 400 N.J. Super. 297, 304 (App. Div. 2008) (quoting Hodgson v. Applegate, 31 N.J. 29, 43 (1959)). "Ultimately, 'equitable principles' 'should . . . guide[]' a court's decision to vacate a default

judgment." BV001 REO, 467 N.J. Super. at 124 (alterations in original) (quoting Little, 135 N.J. at 283).

We have defined excusable neglect under Rule 4:50-1(a) as "a situation where the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 298 (App. Div. 2021) (quoting Guillaume, 209 N.J. at 468). A party moving to vacate default judgment under subpart (a) of Rule 4:50-1 must also demonstrate he or she has a "meritorious defense." Id. at 294 (quoting Goldhaber v. Kohlenberg. 395 N.J. Super. 380, 391 (App. Div. 2007)). Application of Rule 4:50-1(f) is "limited to 'situations in which, were it not applied, a grave injustice would occur.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 289). "Our courts have long adhered to the view that subsection (f)'s boundaries 'are as expansive as the need to achieve equity and justice.'" Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 98 (App. Div. 2014) (quoting Court Invest. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

We conclude the motion judge mistakenly exercised his discretion when he "'fail[ed] to give appropriate deference to the principles' governing" motions to vacate default judgment and reconsideration motions. BV001 REO, 467 N.J. Super. at 124 (quoting Davis, 317 N.J. Super. at 100-01). Defendant certainly

A-0583-22

has a meritorious defense: he wasn't the person driving the car that allegedly caused the accident. He reviewed the materials sent to him but concluded "this was simply an error" because he was not involved in the accident. That strikes us as being "an honest mistake . . . compatible with . . . reasonable prudence." Guillaume, 209 N.J. at 468. Most important, given what appear to be the undisputed facts of this case, "a grave injustice" would occur if defendant is required to pay plaintiffs $176,000 in damages in a lawsuit in which he was incorrectly named regarding an accident in which he was not involved. Little, 135 N.J. at 289. Considering the evidence in the record and the liberal and equitable principles governing motions to vacate default judgments, the judge abused his discretion when he denied defendant's motion to vacate and again when he denied the unopposed motion for reconsideration.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION